### ERA McCHRISTY V. THE STATE.

No. 20630. Delivered December 13, 1939.

The opinion states the case.

*H. D. Stringer,* of Memphis, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, Judge.

The offense is possessing beer containing more than one-half of one per cent of alcohol by volume in a container not having affixed thereto a stamp showing the payment of the tax due the State of Texas; the punishment, a fine of $100.

It is manifest from the testimony adduced upon the trial that the liquor in question was beer, as defined in Article 2, Section 1, Sub-section (b) of the Texas Liquor Control Law which was enacted during the Regular Session of the 45th Legislature. We quote the pertinent part of the definition: "The term 'beer' means a malt beverage containing one-half of one per cent or more of alcohol by volume and not more than four (4) per cent of alcohol by weight, * * *." According to the testimony of the chemist, the liquor the officers discovered in appellant's residence was a malt beverage containing 3.53 per cent of alcohol by weight. The question arises whether the penalty prescribed in Section 26 of Article 2 is applicable. We quote the section last mentioned: "Any person who violates any provision of this Article shall be deemed guilty of a misdemeanor and upon conviction shall be punished by a fine of not less than Twenty-five Dollars ($25) nor more than Five Hundred Dollars ($500) or by imprisonment in the county jail for not more than one year, or by both such fine and imprisonment." The court gave in charge the penalty set forth in Section 41 of Article 1 of the act, which reads as follows: "Any person who violates any provision of Article 1 of this Act for which a specific penalty is not provided shall be deemed guilty of a misdemeanor and upon conviction shall be punished by a fine of not less than One Hundred Dollars ($100.00) nor more than One Thousand Dollars ($1,000), or by imprisonment in the county jail for not more than one year. The term 'specific penalty' as used in this Section means and

refers only to a penalty which might be imposed as a result of a criminal prosecution."

The jury assessed the minimum penalty of $100 provided in the section last quoted. Referring to Section 23, Sub-section (a) of Article 2 of the act, we find the following relative to the tax to be levied and assessed on beer: "There is hereby levied and assessed a tax at the rate of One Dollar and Twenty-four Cents ($1.24) per barrel on all beer sold, stored, distributed, transported, or held for the purpose of sale in this State whether manufactured in or imported into this State. Said tax shall be paid and evidenced by placing stamps, which the State Treasurer is herein authorized to provide in the denominations required, on each original package as defined in this Article; provided, further, that at the time said stamp is affixed the person affixing the stamp shall with indelible ink or stamp cancel the same by placing the date and the licensee's full name or initials upon said revenue stamp." In Sub-division (b) of Section 23, supra, it is provided: "It is the purpose and intent of this Act to require the tax to be paid and the stamp evidencing same to be affixed on the first sale, distribution, storage, or transportation and at the source, to the end that it will preclude any person evading the payment of this tax. Any person in possession of beer that has not been stamped in accordance with the provisions hereof shall be held to be in violation of this Article and liable for the taxes herein provided and the penalties for such violation."

The penalty provided in Article 2 for a violation of its provisions has been set forth in our quotation of Section 26, supra. We are unable to escape the conclusion that it is applicable to the present case, in view of the fact that the liquor possessed by the appellant was beer, as that term is defined in Article 2. In said Section 23, under some of the sub-divisions thereof, offenses other than possessing unstamped containers of beer are denounced. For example, it is provided in Sub-division (f) as follows: "It shall be unlawful to transport to destinations in this State any beer upon which tax has not been paid and such payment evidenced by stamps affixed and cancelled as required by law." In Sub-division (k) we find the following: "It shall be unlawful for any person to open any container of beer having a stamp thereon without then and there mutilating or otherwise defacing such stamp so that it cannot be again used." It is manifest that the penalty applicable to the offenses defined in said Sub-divisions (f) and (k) is that set forth in Section 26, supra; and it is equally manifest that such penalty is applicable to the offense of possessing beer

in a container to which the tax stamp is not affixed as defined in Sub-division (a) of said Section 23.

In Section 3-a of Article 1 of the Liquor Control Law, we find the following: " 'Illicit Beverage' shall mean and refer to any alcoholic beverage manufactured, distributed, bought, sold, bottled, rectified, blended, treated, fortified, mixed, processed, warehoused, stored, possessed, imported, or transported in violation of this Act, or on which any tax imposed by the laws of this State has not been paid and the stamp affixed thereto; * * *." We quote further from the same section: " 'Alcoholic Beverage' shall mean alcohol and any beverage containing more than one-half of one per cent of alcohol by volume which is capable of use for beverage purposes, either alone or when diluted." In Sub-division (12) of Section 17, of Article 1, we find the following: "It shall be unlawful for any person to have in his possession or transport in this State any illicit beverage." Section 21 of Article 1 of the Act reads, in part, as follows: "There is hereby levied and imposed on the first sale in addition to the other fees and taxes levied by this Act, the following:

"(a) A tax of Ninety-six (96) Cents per gallon on each gallon of distilled spirits, provided the minimum tax on any package of distilled spirits shall be Six (6) Cents.

"(b) A tax of Ten (10) Cents on each gallon of vinous liquor that does not contain over fourteen (14) per cent of alcohol by volume.

"(c) A tax of Twenty (20) Cents on each gallon of vinous liquor containing more than fourteen (14) per cent and not more than Twenty-four (24) per cent of alcohol by volume.

"(d) A tax of Twenty-five (25) Cents on each gallon of artificially carbonated and natural sparkling vinous liquor.

"(e) A tax of Fifty (50) Cents on each gallon of vinous liquor containing alcohol in excess of Twenty-four (24) per cent by volume.

"(f) A tax of Fifteen (15) Cents on each gallon of malt liquor containing alcohol in excess of four (4) per cent by weight."

It is observed that in these schedules no provision is made for a tax on malt liquor (beer) containing one-half of one per cent or more of alcohol by volume and not more than 4 per cent of alcohol by weight; and that in order to determine the amount of tax on malt liquor of the content last mentioned we are relegated to Section 23 of Artice 2, supra. We are therefore of the opinion that Sub-division (12), Section 17 of

Article 1 of the Liquor Control Law, in which the possession of any illicit beverage, in so far as it relates to unstamped liquor, is denounced as an offense refers to the possession of the liquors designated in Section 21 of Article 1, supra, and not to beer as defined in Sub-division (b), Section 1 of Article 2 of the Act. Stated in another way, the penalty applicable to the offense of possessing in an unstamped container distilled spirits, vinous liquor containing not over 14 per cent of alcohol by volume, vinous liquor containing more than 14 per cent of alcohol by volume and not more than 24 per cent of alcohol by volume, artificially carbonated and natural sparkling vinous liquor, vinous liquor containing alcohol in excess of 24 per cent by volume, or malt liquor containing alcohol in excess of 4 per cent by weight is set forth in Section 41 of Article 1, while the penalty for the possession of unstamped beer as defined in Article 2 is provided in Section 26 of Article 2, which we have above quoted.

It follows from what we have said that under the facts of the present case the court was in error in charging the jury as to the penalty they might assess.

The judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.