### ERA McCHRISTY V. THE STATE.

No. 21216. Delivered November 6, 1940.
Rehearing Granted December 18, 1940.

The opinion states the case.

*H. D. Stringer*, of Memphis, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

The appeal is from a conviction in the County Court of Hall County where a penalty of $25.00 was assessed on a charge of possessing malt chock beer containing more than one-half of one per cent of alcohol by volume, in a container to which no tax stamp showing the payment of a tax due to the State of Texas was affixed, and on which there was no evidence showing the payment of such tax.

This is the second appeal of this case, the former being reported in (138 Texas Crim. Rep. 78) 134 S. W. (2d) 295. All questions presented in this appeal were before the court and received its consideration in the former appeal, and, though not specifically discussed in the opinion, were decided adversely to appellant. The court has followed the instruction of this Court in his charge in the present appeal, and the jury assessed the penalty accordingly. We believe that the complaint properly charges the offense submitted to the jury, and the evidence in the case sustains their verdict.

The judgment of the trial court is affirmed.

### ON MOTION FOR REHEARING.

GRAVES, Judge.

Appellant complains of many propositions that need not here be written upon as they will not likely occur in a further trial if such be had.

We think that in applying the law to the facts, in paragraph four of the court's charge, wherein the term "illicit beverage" is defined in the terms of the statute, the court should have confined this definitition to the beverage named in the indictment, that is, malt chock beer, and should have made it plain to the jury that in this instance the term "illicit beverage" as used herein could only mean malt chock beer without a proper stamp affixed thereto. The same criticism, we think, is applicable to paragraph six of the court's charge.

The main difficulty with which we are confronted, however, is the fact that in the information and complaint appellant was charged with the possession of an *"illicit beverage."* This term is defined by statute, Art. 666-3a, Vernon's Ann. P. C., as follows:

" 'Illicit beverage' shall mean and refer to any alcoholic beverage * * * on which any tax imposed by the laws of this State has not been paid and the tax stamp affixed thereto * * *."

Unquestionably there would not be any violation of the law for a failure to affix a tax stamp to every liquid that contained more than one-half of one per cent of alcohol. It is well known that there are a myriad of liquid preparations containing such an amount of alcohol, that are not required to be stamped. The vice lies in not placing the required stamps on a *beverage* containing such an amount of alcohol. The complaint and information thus allege that this concoction was a *beverage,* but we confess to having searched the record and not finding there any proof of any kind that this liquid was a beverage, that is, that same was a drinkable liquor capable of use for drinking purposes.

We do not see any conflict in the prescribed penalties for the possession of the different kinds of untaxed liquors, and think these differences were fully discussed in the case of McChristy v. State, (138 Texas Crim. Rep., 78) 134 S. W. (2d) 295.

The testimony of the witness Anderson, as to what the mother of appellant told him relative to the portion of the house which was supposed to be occupied by appellant, was hearsay and should not have been admitted.

On account of the facts failing to show that this malt chock beer was capable of being used as a beverage, the motion for a rehearing is granted, the judgment of affirmance set aside, and the judgment is now reversed and the cause remanded.